### DOUGHTY v. McMILLAN et al.

The declarations of one in possession of personal property, adverse to his title, are evidence against a party holding under him by purchase subsequent to the making of such declarations.

February 26, 1894.

Bail-trover. Before Judge GOBER. Cobb superior court. March term, 1893.

J. E. MOZLEY, for plaintiff.

J. J. NORTHCUTT and CLAY & BLAIR, for defendants.

LUMPKIN, Justice.

Doughty brought an action against McMillan and Grogan for the recovery of two mules. The jury found for the defendants, and the plaintiff moved for a new trial, which was overruled, and he excepted. Besides the general grounds that the verdict was contrary to law and the evidence, error was assigned upon the ruling out of the testimony of one Cooper, a witness for the plaintiff. In our opinion, the court did commit error in rejecting this testimony, and because of this error the plaintiff did not have a legal trial. Doughty, the plaintiff, testified that he bid off the mules at an auction sale conducted by Cooper & Abbott, a firm of which the witness Cooper was a member; that he (Doughty) authorized Abbott to resell the mules, if he could do so at a better price; that Abbott made an ineffectual effort to sell the mules to one Frix, but afterwards, on the same day, the trade for the mules was finally closed with the plaintiff, and he became the absolute owner of them; that he then allowed Abbott to have the use of the mules, together with a wagon, for the purpose of engaging in the lightning-rod business, under a contract.

by the terms of which the plaintiff furnished the mules and wagon, and was to receive from Abbott a certain commission on all rods sold by the latter. The theory of the defence was that there never was an actual purchase of the mules by Doughty, and that Abbott, as a member of the firm of Cooper & Abbott, had the right to sell them. It appears that Abbott did sell them as his own, to McMillan, who in turn sold them to Grogan, both the latter purchasing in good faith and without notice of any defect in the title. Without going further into detail, it is sufficient to say there was ample evidence to sustain the truth of the defendants' theory.

The plaintiff, however, offered the following testimony of Cooper, -taken by interrogatories: "On the 12th day of December, 1891, Doughty bought the mules at Abbott & Cooper's auction sale, at Calhoun, Ga., and gave Abbott the privilege of selling them at a better price. Abbott contracted with one Frix to take them at a larger price. Frix failed to take them. Abbott then closed the deal with Doughty for the sum bid, less 15 per cent. allowed for cash, being $158.00." This evidence was excluded because the witness, on cross-examination, testified as follows: "I know nothing of the final trade except what Abbott told me, and was not present with Abbott and plaintiff when the final deal was made. Abbott told me plaintiff purchased the mules. Abbott told me about the trade. I ascertained the trade through Abbott. I do not know who was present at the time of the trade. All I know about the final trade is what Abbott told me. I did not witness any trade between Abbott and plaintiff." The judge evidently rejected the testimony of Cooper on the ground that it was hearsay, and he seems to have lost sight of the fact that the alleged declarations of Abbott were made at a time when he was in possession of the property, which fact the evidence disclosed. These declara-

tions, if made, were certainly adverse to Abbott's title and against his interest, and consequently, would undoubtedly be admissible in evidence against him; and the law is plain that they would be equally admissible against any party holding under him by purchase made subsequently to the making of the declarations. Code, §3774; *Saulsbury, Respess & Co.* v. *McKellar,* 59 *Ga.* 301.

The evidence showing that McMillan purchased the mules from Abbott, and sold them to Grogan, after the alleged conversation between Cooper and Abbott, the proof of that conversation ought to have been received.

*Judgment reversed.*